UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA ORTIZ,<br><br>           Plaintiff,<br><br>      v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>           Defendant. | Case No. 1:25-cv-00373-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE PURSUANT TO RULE 41(b) FOR PLAINTIFF'S FAILURE TO PROSECUTE, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO COMPLY WITH LOCAL RULE 160<br><br>(Docs. 15, 16, 19)<br><br>**14-DAY OBJECTION PERIOD** |

**Background**

Plaintiff Gabriela Ortiz ("Plaintiff") initiated this action with the filing of a complaint against Defendant Mercedes-Benz USA, LLC ("Defendant") on February 14, 2025, in the Kern County Superior Court, Case No. BCV-25-100572. (Doc. 1). Defendant removed the case to this Court on March 28, 2025. *Id.* On August 13, 2025, the parties filed a joint notice of settlement. (Doc. 14). Thereafter, the Court directed Plaintiff to file dispositional documents no later than September 29, 2025. (Doc. 15).

On September 30, 2025, after Plaintiff failed to timely file dispositional documents, the Court ordered the parties to show cause in writing why sanctions should not be imposed for their failure to comply with the Court's orders and timely file dispositional documents. (Doc. 16). The

1

parties were admonished that the failure to timely comply with the Court's order "will result in the imposition of sanctions, through and including dismissal of the action." *Id.* After Plaintiff filed a response (Doc. 17) and stipulated request for extension (Doc. 18), the Court concluded that the parties' failure to file dispositional documents was the result of excusable neglect and discharged the order to show cause without imposition of sanctions. (Doc. 19). The Court granted as modified the parties' request for an extension of the deadline to file dispositional documents *nunc pro tunc* to November 3, 2025, and noted that "[b]ecause the Court does not deem a failure to perform under a private settlement agreement to constitute good cause to delay disposing of a settled case, no further extensions of the filing deadline will be granted absent a showing of good cause unrelated to the parties' performance." *See id.*

On November 3, 2025, Plaintiff filed a status report in which counsel represented without elaboration that "[d]espite Plaintiff's counsel's diligent efforts both preceding and following the Court's October 3, 2025, Order, attorney's fees remain unresolved." (Doc. 20). Plaintiff's filing does not address the issue of dispositional documents. As Plaintiff has twice failed to file dispositional documents by the applicable deadline, for the reasons below, the undersigned will recommend that the Court dismiss this action with prejudice.

**Governing Legal Standards**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local

rules).

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). "By its plain text, a Rule 41(b) dismissal … requires a court order with which an offending plaintiff failed to comply." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (internal quotation marks, citation, and footnote omitted). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**Discussion**

Here, Plaintiff repeatedly has failed to comply with the Court's orders. Despite granting two extensions of the deadline, Plaintiff has failed to file dispositional documents. There are no other reasonable alternatives available to address Plaintiff's failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Applied Underwriters, Inc.*, 913 F.3d at 891.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Despite the parties' filing of a joint notice of settlement approximately three months ago (Doc. 14), Plaintiff has failed to comply with the Court's orders and Local Rule 160 directing the filing of dispositional documents. documents. The presumption of injury holds given Plaintiff's unreasonable delay thereto. Thus, the third factor—a risk of prejudice to the Defendant—also weighs in favor of dismissal. *Applied Underwriters, Inc.*, 913 F.3d at 891.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. Plaintiff instead has failed to comply with this Court's orders and the Local Rules in a manner that is impeding the progress of this action. Therefore, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Applied Underwriters, Inc.*, 913 F.3d at 891.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order to show cause cautioned: "Failure to timely comply with this order will result in the imposition of sanctions, through and including dismissal of the action." (Doc. 16).

Plaintiff was adequately forewarned that the failure to timely respond to the Court's order and file dispositional documents could result in terminating sanctions. Because Plaintiff has failed to comply with this Court's orders and Local Rules and has not diligently prosecuted the action, the undersigned will recommend dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In short, as the parties have resolved their claims pursuant to an enforceable contract, the undersigned recommends that the Court decline to maintain this case in active status to supervise the parties' performance of their undisclosed, private settlement agreement because they have not shown that exercising jurisdiction over the performance of their agreement is "essential to the conduct of federal-court business." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Recommendation**

For the reasons set forth above, **IT IS RECOMMENDED** as follows:

1. The Court DISMISS this action with prejudice for Plaintiff's failure to prosecute this action and to comply with the Court's orders and Local Rules. *See* Fed. R. Civ. P. 41(b); and
2. The Clerk of the Court be directed close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 5, 2025**

UNITED STATES MAGISTRATE JUDGE

5